UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANELA BUNKE;<br>ALBEIL BENITEZ-MARURI ;<br>LAURIE BOWEN;<br>AYLA BROWN;<br>NORBERTO CAMPOS HERNANDEZ;<br>KAITLIN CAPACCIO;<br>DANIELLE CASALE;<br>FELIPE CASTRO;<br>EDDY CEDENO;<br>JANELLE COLANTUONE;<br>OMAR CRUZ;<br>NAZARETH DEHKORDI;<br>JOVANNA DEL PLATO;<br>NILSSON DOMINGUEZ;<br>JOVANNI ESPINOZA;<br>DORIS GALINEC;<br>JUAN CARLOS GARCIA;<br>ROSALINA GIAQUINTO;<br>CELESTINO CRUZ GUEVARA;<br>ANDRES FELIPE PEREZ GUZMAN;<br>DIANA HENRIQUEZ;<br>GISELLE JOHNSON;<br>SARAH KABIR;<br>PAULINA LEMPICKA;<br>ANIBAL MENDOZA;<br>AUGUSTO MEYO;<br>AFSARA MIR;<br>VANESSA MOLINA-PADIERNE;<br>PAOLA MONTELLESE;<br>JORGE MOTA CORTORREAL;<br>MIGUEL OCAMPO;<br>ARTURO OLMOS;<br>LINGPENG QIAN;<br>ARIEL RAMAGE;<br>ANA RALBOVSKI;<br>TIFFANY RASOMBATH;<br>HECTOR RODRIGUEZ;<br>SABRINA LORENA ROJAS;<br>FERNANDO ROMERO;<br>ANNA SHAKHBAZOV;<br>GIOVANNI WILLIAM TAMAYO;<br>KAITLENE TAN;<br>LUIS RAFAEL VELAZQUEZ; | Case Number: 1:24-cv-2469<br><br>Complaint<br>Jury Trial Demanded |

|  |
|---|
| Plaintiffs, |
| v. |
| AVANT GARDNER, LLC, EZ FESTIVALS LLC, MADE EVENT, LLC, JÜRGEN BILDSTEIN, a/k/a BILLY BILDSTEIN, PHILLIP WIEDERKEHR, MICHAEL BINDRA, LAURA DEPALMA, RITTY VAN STRAALEN, ABC ENTITIES 1-10 and JOHN DOES 1-10, |
| Defendants. |

Plaintiffs on behalf of themselves and all others similarly situated for their Complaint against Defendants Avant Gardner, LLC ("Avant"), EZ Festivals LLC ("EZ"), Made Event, LLC ("Made Event"), Jürgen Bildstein, a/k/a Billy Bildstein, Phillip Wiederkehr, Michael Bindra, Laura DePalma, and Ritty Van Straalen (collectively "Defendants") aver upon personal knowledge as to their own acts and upon information and belief as to all other matters:

## NATURE OF THE ACTION

1. This is a wage theft case. Plaintiffs were hired and employed by Defendants to work at an event organized by Defendants during the Labor Day Weekend of 2023, known as 2023 Electric Zoo or "E Zoo". The festival was supposed to be a three-day event, but the first day was cancelled.

2. Plaintiffs were hired by Defendants to work the festival as bartenders, barbacks, bussers, servers, and hosts.

3. Despite working at the festival for two days, Defendants have refused to pay many of the Plaintiffs any wages, while paying other Plaintiffs only a portion of their earned wages in violation of federal, state, and local laws.

2

4.     In addition to the named Plaintiffs herein, Defendants failed to pay other similarly situated employees their earned wages.

5.     This is a collective action brought on behalf of other employees who worked at the 2023 Electric Zoo Festival.

6.     Plaintiffs bring this action for damages resulting from Defendants' willful and systemic failure to pay Plaintiffs' wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the New York Labor Law ("NYLL") N.Y. Labor Law §190 *et seq.*, The Freelance Isn't Free Act ("FIFA"), New York City, N.Y. Code §20-929, *et seq.* and for Defendants' unjust enrichment and promissory estoppel under New York common law.

## PARTIES AND RELEVANT PERSONS

7.     Plaintiff Janela Bunke is an individual residing in New York. Ms. Bunke was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Bunke was not fully compensated for her work.

8.     Plaintiff Albeil Benitez-Maruri is an individual residing in New York. Mr. Benitez-Maruri was employed by Defendants as a busser at the 2023 Electric Zoo Festival. Mr. Benitez-Mauri was not fully compensated for his work.

9.     Plaintiff Laurie Bowen is an individual residing in New York. Ms. Bowen was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Bowen received no compensation for her work.

10.    Plaintiff Ayla Brown is an individual residing in Nevada. Ms. Brown was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Brown was not fully compensated for her work.

11. Plaintiff Norberto Campos Hernandez is an individual residing in New York. Mr. Campos Hernandez was employed by Defendants as a busser at the 2023 Electric Zoo Festival. Mr. Campos Hernandez was not fully compensated for his work.

12. Plaintiff Kaitlin Capaccio is an individual residing in Florida. Ms. Capaccio was employed by Defendants as a bartender at the 2023 Electric Zoo Festival. Ms. Capaccio was not fully compensated for her work.

13. Plaintiff Danielle Casale is an individual residing in New York. Ms. Casale was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Casale was not fully compensated for her work.

14. Plaintiff Felipe Castro is an individual residing in New York. Mr. Castro was employed by Defendants as a barback at the 2023 Electric Zoo Festival. Mr. Castro was not fully compensated for his work.

15. Plaintiff Eddy Cedeno is an individual residing in New York. Mr. Cedeno was employed by Defendants as a bartender (busboy?) at the 2023 Electric Zoo Festival. Mr. Cedeno was not fully compensated for his work.

16. Plaintiff Janelle Colantuone is an individual residing in New Jersey. Ms. Colantuone was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Colantuone was not fully compensated for her work.

17. Plaintiff Omar Cruz is an individual residing in New York. Mr. Cruz was employed by Defendants as a busser at the 2023 Electric Zoo Festival. Mr. Cruz was not fully compensated for his work.

18. Plaintiff Nazareth Dehkordi is an individual residing in New Jersey. Mr. Dehkordi was employed by Defendants as a bartender at the 2023 Electric Zoo Festival. Mr. Dehkordi was not fully compensated for his work.

19. Plaintiff Jovanna Del Plato is an individual residing in New York. Ms. Del Plato was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Del Plato was not fully compensated for her work.

20. Plaintiff Nilsson Dominguez is an individual residing in New York. Mr. Dominguez was employed by Defendants as a server at the 2023 Electric Zoo Festival. Mr. Dominguez was not fully compensated for his work.

21. Plaintiff Jovanni Espinoza is an individual residing in New York. Mr. Espinoza was employed by Defendants as a server at the 2023 Electric Zoo Festival. Mr. Espinoza was not fully compensated for his work.

22. Plaintiff Doris Galinec is an individual residing in New York. Ms. Galinec was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Galinec was not fully compensated for her work.

23. Plaintiff Juan Carlos Garcia is an individual residing in New York. Mr. Garcia was employed by Defendants as a barback at the 2023 Electric Zoo Festival. Mr. Garcia was not fully compensated for his work.

24. Plaintiff Rosalina Giaquinto is an individual residing in New York. Ms. Giaquinto was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Giaquinto was not fully compensated for her work.

25. Plaintiff Celestino Cruz Guevara is an individual residing in New York. Mr. Guevara was employed by Defendants as a busser at the 2023 Electric Zoo Festival. Mr. Guevara was not fully compensated for his work.

26. Plaintiff Andres Felipe Perez Guzman is an individual residing in New York. Guzman was employed by Defendants as a busser at the 2023 Electric Zoo Festival. Mr. Guzman was not fully compensated for his work.

27. Plaintiff Diana Henriquez is an individual residing in New York. Ms. Henriquez was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Henriquez was not fully compensated for her work.

28. Plaintiff Giselle Johnson is an individual residing in New York. Ms. Johnson was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Johnson was not fully compensated for her work.

29. Plaintiff Sarah Kabir is an individual residing in New York. Ms. Kabir was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Kabir was not fully compensated for her work.

30. Plaintiff Paulina Lempicka is an individual residing in New Jersey. Ms. Lempicka was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Lempicka was not fully compensated for her work.

31. Plaintiff Anibal Mendoza is an individual residing in New York. Ms. Mendoza was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Mendoza was not fully compensated for her work.

32. Plaintiff Augusto Meyo is an individual residing in New York. Mr. Meyo was employed by Defendants as a server at the 2023 Electric Zoo Festival. Mr. Meyo was not fully compensated for his work.

33. Plaintiff Afsara Mir is an individual residing in New Jersey. Ms. Mir was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Mir was not fully compensated for her work.

34. Plaintiff Vanessa Molina-Padierne is an individual residing in New York. Ms. Molina-Padierne was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Molina-Padierne was not fully compensated for her work.

35. Plaintiff Paola Montellese is an individual residing in Florida. Ms. Montellese was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Montellese was not fully compensated for her work.

36. Plaintiff Jorge Mota Cortorreal is an individual residing in New York. Mr. Mota Cortorreal was employed by Defendants as a server at the 2023 Electric Zoo Festival. Mr. Mota Cortorreal was not fully compensated for his work.

37. Plaintiff Miguel Ocampo is an individual residing in Connecticut. Mr. Ocampo was employed by Defendants as a busser at the 2023 Electric Zoo Festival. Mr. Ocampo was not fully compensated for his work.

38. Plaintiff Arturo Olmos is an individual residing in New Jersey. Mr. Olmos was employed by Defendants as a busser at the 2023 Electric Zoo Festival. Mr. Olmos was not fully compensated for his work.

39. Plaintiff Lingpeng Qian is an individual residing in New York. Mr. Qian was employed by Defendants as a host at the 2023 Electric Zoo Festival. Mr. Qian was not fully compensated for his work.

40. Plaintiff Ariel Ramage is an individual residing in Florida. Ms. Ramage was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Ramage was not fully compensated for her work.

41. Plaintiff Ana Ralbovski is an individual residing in New York. Ms. Ralbovski was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Ralbovski was not fully compensated for her work.

42. Plaintiff Tiffany Rasombath is an individual residing in Georgia. Ms. Rasombath was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Rasombath was not fully compensated for her work.

43. Plaintiff Hector Rodriguez is an individual residing in Connecticut. Mr. Rodriguez was employed by Defendants as a server at the 2023 Electric Zoo Festival. Mr. Rodriguez was not fully compensated for his work.

44. Plaintiff Sabrina Lorena Rojas is an individual residing in New York. Ms. Rojas was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Rojas was not fully compensated for her work.

45. Plaintiff Fernando Romero is an individual residing in New York. Ms. Romero was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Romero was not fully compensated for her work.

46. Plaintiff Anna Shakhbazov is an individual residing in Florida. Ms. Shakhbazov was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Shakhbazov was not fully compensated for her work.

47. Plaintiff Giovanni William Tamayo is an individual residing in New York. Tamayo was employed by Defendants as a server at the 2023 Electric Zoo Festival. Mr. Tamayo was not fully compensated for his work.

48. Plaintiff Kaitlene Tan is an individual residing in New York. Ms. Tan was employed by Defendants as a server at the 2023 Electric Zoo Festival. Ms. Tan was not fully compensated for her work.

49. Plaintiff Luis Rafael Velazquez is an individual residing in New York. Mr. Velazquez was employed by Defendants as a bartender at the 2023 Electric Zoo Festival. Mr. Velazquez was not fully compensated for his work.

50. Defendant Avant is a New York limited liability company, with its principal place of business located at 140 Stewart Avenue, Brooklyn, NY 11237. At all relevant times, Avant employed Plaintiffs for the 2023 Electric Zoo Festival. At all times relevant herein, Avant was an employer as defined by 29 U.S.C. § 203(d) and N.Y. Labor Law §190(3).

51. Defendant EZ is a Delaware limited liability company, registered to do business in the State of New York, with its principal place of business located at 915 Broadway, New York, NY 10010. At all times relevant herein, EZ was an employer as defined by 29 U.S.C. § 203(d) and N.Y. Labor Law §190(3).

52. Defendant Made Event is a Connecticut limited liability company with its principal place of business located at 140 Stewart Avenue, Brooklyn, NY 11237. At all times

relevant herein, Made Event was an employer as defined by 29 U.S.C. § 203(d) and N.Y. Labor Law §190(3).

53.     Defendant Jürgen Bildstein, a/k/a Billy Bildstein is an owner of Defendant Avant Gardner, residing in New York. At all times relevant herein, Jurgen Bildstein was an employer as defined by 29 U.S.C. § 203(d) and N.Y. Labor Law §190(3). At all times relevant herein, Defendant Jürgen Bildstein had the authority to hire and fire all employees and maintain employment records for employees of Defendants Avant, EZ and Made Event, including Plaintiffs herein.

54.     Defendant Phillip Wiederkehr is an owner of Defendant Avant Gardner, residing in New York. At all times relevant herein, Phillip Wiederkehr was an employer as defined by 29 U.S.C. § 203(d) and N.Y. Labor Law §190(3). At all times relevant herein, Defendant Phillip Wiederkehr had the authority to hire and fire all employees and maintain employment records for employees of Defendants Avant, EZ and Made Event, including Plaintiffs herein.

55.     Defendant Michael Bindra is a co-owner of Made Event, residing in New York. At all times relevant herein, Michael Bindra was an employer as defined by 29 U.S.C. § 203(d) and N.Y. Labor Law §190(3). At all times relevant herein, Defendant Michael Bindra had the authority to hire and fire all employees and maintain employment records for employees of Defendants Avant, EZ and Made Event, including Plaintiffs herein.

56.     Defendant Laura DePalma is a co-owner of Made Event, residing in New York. At all times relevant herein, Laura DePalma was an employer as defined by 29 U.S.C. § 203(d) and N.Y. Labor Law §190(3). At all times relevant herein, Defendant Laura DePalma had the authority to hire and fire all employees and maintain employment records for employees of Defendants Avant, EZ and Made Event, including Plaintiffs herein.

57. Defendant Ritty Van Straalen is a member of EZ, residing in New York. At all times relevant herein, Ritty Van Straalen was an employer as defined by 29 U.S.C. § 203(d) and N.Y. Labor Law §190(3). At all times relevant herein, Defendant Ritty Van Straalen had the authority to hire and fire all employees and maintain employment records for employees of Defendants Avant, EZ and Made Event, including Plaintiffs herein.

58. Defendants ABC ENTITIES 1-10 and JOHN DOES 1-10 are fictitious individuals or entities whose names are not presently known to Plaintiffs that may be owners, members, officers, directors, employees, agents, representatives, alter egos, joint venturers or co-conspirators, of Defendants, employers of Plaintiffs, or have caused damage to Plaintiffs.

59. Defendants jointly employed Plaintiffs.

## JURISDICTION AND VENUE

60. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §201 *et seq*.

61. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

62. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this District and Defendants are subject to personal jurisdiction in this District.

63. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## FACTUAL ALLEGATIONS

64. Defendants organize and host Electric Zoo or Ezoo is an electronic musical festival, featuring top electronic dance music artists from around the world. Ezoo is held

annually over Labor Day weekend on Randall's Island in New York City. Ezoo features live performances, food and merchandise. Around 100,000 people attend the event each year. A three-day pass to Ezoo 2023 was sold for $341, while single day passes sold for $168.

65. Plaintiffs were hired by Defendants to work the festival as servers, bussers, bartenders, barbacks and hosts. Many of the Plaintiffs attended a training session on August 31, 2023, the day before the festival was to begin. The attending Plaintiffs were not paid for the training session.

66. To commit to working Ezoo, Plaintiffs gave up other employment opportunities.

67. The first day of Ezoo 2023 was scheduled for Friday September 1, 2023, but the first day was cancelled by Defendants. The purported reason given for the cancellation was the "global supply chain disruptions." In reality, Defendants had failed to pay their vendors, which is why the start was delayed.

68. Plaintiffs worked the remaining festival dates on September 2 and 3, 2023.

69. In addition to their hourly wages, Plaintiffs were promised a percentage of the tips, with the percentages depending on their job. The breakdown for the tip-sharing was as follows:

- Service bar 10%
- Door/Hosts 10%
- Bussers 20%
- Servers 60%

70. Plaintiffs and collective class members worked more than 10 hours in a workday.

71. Many of the Plaintiffs have not received any of their earned wages or tips from their work at the event, despite their continued demands for payment from Defendants. Other Plaintiffs have received only a small portion of their earned wages or tips from the event.

72. Defendants violated the tip credit permitted by 29 U.S.C. § 203(m) by: (1) requiring the tipped employees to pool tips with non-tipped employees; and (2) by stealing tips earned by Plaintiffs.

73. Under the FLSA and NYLL, all employees must be paid mandated minimum wages for all hours worked. Wages earned must be paid in compliance with the NYLL.

74. Defendants violated federal and New York law by failing to pay Plaintiffs and members of the class the mandated minimum wages for all hours they worked.

75. Defendants knowingly and intentionally failed to pay Plaintiffs their earned wages for their services rendered during the music festival. Defendants, including the individual owners exercised significant control and supervision over the Defendants' operations, including hiring employees, setting wages, and overseeing financial transactions.

76. Defendants, including the individual owners, directed or authorized withholding Plaintiffs' wages and/or knew of the wage violations but willfully disregarded or ignored them.

77. Defendants, including the individual owners, directly benefited from the Plaintiffs' unpaid labor during the 2023 Electronic Zoo Music Festival, through increased profits and/or personal gain.

## COLLECTIVE ACTION ALLEGATIONS

78. Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth herein.

79. Plaintiffs bring this action on behalf of the collective class as a collective action pursuant to Sections 207 and 216(b) of the FLSA *on behalf of all employees of Defendants at the 2023 Ezoo Festival who did not receive all their earned wages or tips (the "Collective Class")*.

80. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b).

81. Upon information and belief, Defendants have failed to pay other employees, not named in this Complaint, depriving those employees of their wages for hours worked in violation of the FLSA.

82. Defendants' actions were generally applicable to the other employees that Plaintiffs seek to represent, and the claims made by Plaintiffs are typical.

83. Defendants have violated and continue to violate the FLSA.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 *ET SEQ.*

84. Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth herein.

85. Plaintiffs are "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

86. Defendants are "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

87. Under the FLSA, Defendants must pay employees, such as Plaintiffs, $7.25 an hour. 29 U.S.C. § 206(1)(C).

88. Rather than pay Plaintiffs the federally mandated minimum wage for the hours they worked, Defendants failed to pay most Plaintiffs any wages and only a portion of the wages owed to other Plaintiffs.

89. Defendants violated the tip credit permitted by 29 U.S.C. § 203(m) by: (1) requiring the tipped employees to pool tips with non-tipped employees; and (2) by stealing tips earned by Plaintiffs.

90. Defendants violated the FLSA.

91. Defendants' violation was a willful within the meaning of 29 U.S.C. §255(a).

92. Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves, and the Collective Class, are entitled to recover from Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## VIOLATION OF NEW YORK LABOR LAW

93. Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth herein.

94. Plaintiffs are "employees" within the meaning of the NYLL, §190(2).

95. Defendants are "employers" within the meaning of the NYLL, §190(3).

96. Under NYLL, Defendants must pay employees, such as Plaintiffs, $15.00 an hour. NYLL §652(a).

97. Rather than pay Plaintiffs the state-mandated minimum wage for the hours they worked, Defendants failed to pay most Plaintiffs any wages and only a portion of the wages owed to other Plaintiffs.

98. Defendants failed to provide a wage statement pursuant to NYLL and/or a proper wage and hour notice at the date of hiring to all non-exempt employees pursuant to NYLL.

99. Defendants failed to pay Plaintiffs and Collective Class Members a "spread of hours" premium for each day they worked 10 or more hours.

100. Defendants violated NYLL.

101. Defendants' violation was a willful violation of Plaintiffs' statutory rights under NYLL.

102. Due to Defendants' NYLL violations, Plaintiffs, on behalf of themselves, and the Collective Class, are entitled to recover from Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages as per NYLL; and reasonable attorneys' fees and costs.

## COUNT III
## UNLAWFULLY ACCEPTING AND RETAINING GRATUITIES, NYLL §196-D

103. Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth herein.

104. Defendants unlawfully accepted and retained gratuities or charges purported to be gratuities from Plaintiffs and the Collective Class in violation of NYLL §196-d.

105. Defendants' acceptance and retention of gratuities was a willful violation of NYLL.

106. Due to Defendants' NYLL violations, Plaintiffs, on behalf of themselves, and the Collective Class, are entitled to recover from Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages as per NYLL §198; and reasonable attorneys' fees and costs.

## COUNT IV
## UNJUST ENRICHMENT

107. Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth herein.

108. By performing work on behalf of Defendants without payment of wages, Defendants were unjustly enriched at the expense of Plaintiffs.

109. Defendants retained the benefit of the unpaid wages under inequitable and unjust circumstances to the detriment of Plaintiffs and the Collective Class.

110. As a direct and proximate cause of Defendants' unjust enrichment, Plaintiffs have suffered injury, and are entitled to reimbursement, restitution, and disgorgement from Defendants the monies retained by Defendants due to the nonpayment of Plaintiffs and the Collective Class's wages.

## COUNT V
## PROMISSORY ESTOPPEL

111. Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth herein.

112. Defendants made a clear and unambiguous promise to hire Plaintiffs for three days of work at the 2023 Ezoo Festival.

113. Defendants made the promise of employment to Plaintiffs with the knowledge that Plaintiffs would reasonably and foreseeably rely upon that promise and commit to working the three-day festival, forgoing other work or employment.

114. Plaintiffs relied upon Defendants promise of employment and gave up other work opportunities, and gave Defendants their time and labor, without receiving any pay or compensation.

115. Plaintiffs must be compensated for their training and all three days of the 2023 Ezoo Festival to avoid injustice.

116. Plaintiffs and the Collective Class have suffered injury, and are entitled to reimbursement, restitution, and disgorgement from Defendants.

## COUNT VI
## VIOLATION OF THE FREELANCE ISN'T FREE ACT

117. Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth herein.

118. Plaintiffs are "freelance workers" within the meaning of FIFA. New York City, N.Y. Code §20-929 *et seq*.

119. Defendants are "hiring parties" within the meaning of FIFA. New York City, N.Y. Code §20-929 *et seq*.

120. Defendants violated FIFA by retaining the services of Plaintiffs without memorializing the terms of that service in a written contract.

121. Defendants further violated FIFA by failing to compensate Plaintiffs for their services within 30 days of the completion of those services.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief on behalf of themselves and all other similarly situated members of the Collective Class in the form of a judgment against Defendants as follows:

(a) Designation of this action as a collective action on behalf of the Collective Class and prompt issuance of notice pursuant to 29 U.S.C. §216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b);

(b) Designation of Plaintiffs as representatives of the Collective Class;

(c) Designation of Plaintiffs' counsel as class counsel for the Collective Class;

(d) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

(e) An award of unpaid minimum wages to Plaintiffs and members of the Collective Class;

(f)      An award of liquidated damages to Plaintiffs and members of the Collective Class;

(g)      An award of reasonable attorney's fees, costs, expenses, pre and post judgment interest, and expert fees;

(h)      Awarding liquidated damages in the amount of unpaid wages pursuant to 29 U.S.C. § 216(b); NYLL §§198, 653;

(i)      Awarding double damages under FIFA;

(j)      Awarding equitable relief, including but not limited to, enjoining Defendants from engaging in the conduct alleged herein; requiring Defendants to pay all of their employees minimum wages as required by federal and New York law.

(e)      Awarding additional relief as may be necessary.

## JURY AND TRIAL DEMAND

Pursuant to the Seventh Amendment to the United States Constitution and Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury with respect to each claim in this Complaint.

Dated: April 1, 2024

**Klaproth Law PLLC**

*/s/* Jesse Klaproth
Jesse C. Klaproth (DS2445)
2300 Wisconsin Avenue NW
Suite 100A
Washington, DC 20007
jklaproth@klaprothlaw.com
202.618.2344
*Attorneys for Plaintiffs and Putative Class*